[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT
The plaintiff:, Arthur J. Rocque, Connecticut Commissioner of Environmental Protection, acting in his official capacity, commenced this action on July 20, 1999. The defendant filed an appearance and an answer. The pleadings were closed and the case was referred to the Honorable Richard A. Walsh, a Judge of the Superior Court for all further proceedings, including hearing, determination, and judgment. The plaintiff requests that the Court authorize and empower him to sell, transfer, exchange and convey approximately 13.737 acres of land, buildings and improvements commonly known as the Catlin House, located on Knife Shop Road and Route 80 in the Northfield section of the Town of Litchfield, County of Litchfield and State of Connecticut, which is more particularly bounded and described within plaintiffs exhibit 1 and further bounded and described in a map entitled:
"13.737 plus or minus ACRES MAP PREPARED FOR TOWN OF LITCHFIELD SHOWING PROPERTY TO BE ACQUIRED FROM the STATE of CONNECTICUT KNIFE SHOP ROAD AND CONNECTICUT ROUTE 254 NORTHFIELD SECTION OF LITCHFIELD, CONNECTICUT SCALE 1"=60' FEBRUARY 1994 SAMUEL P. BERTACCINI, JR." ("Catlin House Property") to the Town of Litchfield, a Connecticut chartered municipal corporation ("Town"). An improved portion of the Catlin House Property, containing approximately five acres, is presently encumbered by a charitable use restriction created under the terms of a deed from the late Nellie M. Turner a/k/a Helen C. Turner dated September 8, 1941 in Volume 102 at page 203 of the Litchfield Land Records and a deed from the late Albert M. Turner recorded on September 18, 1941 in Volume 103 at page 222 of the Litchfield Land Records (Collectively, "Turner Deeds") ("Encumbered Portion"). Under the terms of the Turner Deeds the use of the Encumbered CT Page 9244 Portion is restricted to ". . . [P]ark purposes, to be in charge of the State Park and Forest Commission or their duly qualified successors . . ." The plaintiff is the duly qualified successor to the former State Park and Forest Commission. The sale, transfer, exchange and conveyance of the Catlin House Property to the Town is to be conducted pursuant to the legislative directive referred in Special Act 97-20 § 9 (plaintiff's exhibit 4), conditioned upon the entry of this judgment and subject to the terms found within this judgment.
On June 14, 2000 the court (Walsh, J.) heard the examination and cross examination of Craig A. Miner, the First Selectman of the Town, Thomas A. J. McGowan, AICP, the Town's consulting Town Planner, and Pamela A. Adams, the Connecticut Department of Environmental Protection Director of State Parks, and received six exhibits into evidence, as full exhibits. The Court also reviewed the pretrial briefs of each counsel, and heard their closing arguments. Pursuant to an order of the Court, the plaintiff filed a June 30, 2000 amended complaint. The defendant's existing answer is responsive to the plaintiffs amended complaint and the pleadings have been closed. Each party has rested.
WHEREUPON, it is adjudged that:
The sale, transfer, exchange and/or conveyance of the Encumbered Portion, as part of the sale, transfer, exchange and/or conveyance of the Catlin House Property to the Town, conforms with the donors' dominant intent, i.e., for the creation and use of public park and recreational facilities within the Town of Litchfield. The Court finds that the Catlin House Property is presently unused. The Court finds that the Humaston Brook State Park (referenced below) adequately meets the park and recreational needs of the community and all who normally come to the Northfield section of Litchfield seeking park and recreational opportunities. The Court finds that the Catlin House Property and said Humaston Brook State Park are separated by privately owned property, a cemetery, and by a school building and grounds, all of which will continue to be used into the foreseeable future. The Court finds that the location of said property will make it impractical to join the Catlin House Property with the Humaston Brook State Park. The Court finds that the use and maintenance of the Catlin House Property, as a public park, would be uneconomical and impractical, now, and in the reasonably foreseeable future. The Court finds that the discontinuance of two Town roads, which cross through the Topsmead State Forest, as depicted within plaintiffs exhibit 1, in exchange for the conveyance of the Catlin House Property to the Town, will enhance the recreational features of said Topsmead State Forest, to the benefit of the members of the public who come to Litchfield seeking public recreational and park facilities. The Court finds that the sale, transfer, exchange and/or conveyance of the CT Page 9245 Encumbered Portion of the Catlin House Property, in conjunction with the sale, transfer, exchange and/or conveyance of the remainder of the Catlin House Property, if carried out in compliance with the terms specified within this judgment, will not violate any of the terms and/or provisions found within Conn. Gen. Stat. § 47-2.
Under the equitable power of this Court, any and all encumbrances or clouds upon the title to the Encumbered Portion of the Catlin House Property created under or evidenced by the Turner Deeds are, by operation of the entry of this judgment, removed from the respective titles, except that the Encumbered Portion may be used only for any one or combination of the following uses and purposes, without a further order of the Court: (a) uses consistent with the terms of the Turner Deeds, including but not limited to recreation and educational, cultural and museum pursuits; (2) development and maintenance of a municipal firehouse or fire station on a portion of the Catlin House Property; the dedication and use of the remainder of the Catlin House Property to public recreational uses, which are consistent with the aforedescribed terms of the Turner Deeds and the development and use of the site of the present Fire house, on Route 80 in the Northfield section of the Town, for affordable housing units; and/or (3) development and maintenance of affordable housing on a portion of the Catlin House Property and the dedication and use of the remainder of the Catlin House Property to public recreational uses, which are consistent with aforedescribed terms of the Turner Deeds.
As of the date of the entry of this judgment, the plaintiff, on behalf of the State of Connecticut, is authorized and empowered to sell, exchange, transfer and/or convey the Encumbered Portion of the Catlin House Property, along with the remainder of the Catlin House Property, to the Town, in accordance with the terms and legislative directives found within Special Act 97-20 § 9 subject to the terms and conditions specified in the prior paragraph of this judgment, but free and clear of all other charitable use restrictions arising out of or evidenced within the Turner Deeds, in consideration of, and in exchange for, a conveyance from the Town to the State of Connecticut, of the Town's entire right, title, interest, claim, and demand, in the above described two Town roads, which cross through the Topsmead State Forest. The plaintiff shall record a certified copy of this judgment on the Litchfield Land Records.
BY THE COURT
Richard A. Walsh, Judge CT Page 9246